UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA ex rel., and
STATE OF NEW YORK ex rel.,                          Docket No.: 12-cv-05103-LGS
MICHAEL I.  LEVINE, M.D.,

                     Plaintiff-Relator,          **DECLARATION OF**
                                             **STEPHEN WAGNER**

    v.

ROBERT MATALON, MD, JOSEPH SHAMS, MD,
DANIEL MATALON, MD, ALBERT MATALON, M.D,
VASCULAR ACCESS CENTERS (and each of its
subsidiary and/or related Corporations),
JAMES McGUCKIN, MD (and any and all clinics owned,
run, managed or operated by him),
PHILADELPHIA VASCULAR INSTITUTE,

                      Defendants.
------------------------------------------------------------------X

      **STEPHEN WAGNER**, pursuant to 28 U.S.C. § 1746, declares as follows:

      1.      I am a member of Cohen Tauber Spievack & Wagner P.C., counsel to defendant

Dr. Joseph Shams, M.D. ("Shams") in the above-captioned action.

      2.      I submit this Declaration in support of Shams's motion to dismiss the Amended

Complaint.

      3.      Plaintiff-relator Michael I. Levine, M.D. ("Levine") commenced this action on

June 29, 2012, alleging claims against twenty-five defendants, including Shams, Beth Israel

Medical Center ("Beth Israel"), American Access Care, LLC, and Dr. James McGuckin, Jr.

("McGuckin"), who founded Vascular Access Centers ("VAC"), a "web of at least twenty-three

subsidiary corporations that provide vascular access services throughout the United States".  A

copy of the initial pleading in this action is annexed as Exhibit 1.

4.      The initial complaint focused almost entirely on McGuckin and Vascular Access Centers, and only referenced Shams in three of the 121 paragraphs in the initial pleading.

5.      On October 9, 2018, the Department of Justice ("DOJ") intervened against VAC and their related or subsidiary entities (the "VAC Defendants").  That same day, the DOJ filed its Complaint-in-Intervention against the VAC Defendants.[1]  A copy of the Complaint-in-Intervention is annexed as Exhibit 2.

6.      The DOJ declined to intervene against Shams or Beth Israel, among others.

7.      On October 9, 2018, the DOJ and Levine entered into a stipulation to dismiss the claims originally brought against the VAC Defendants.

8.      On March 15, 2019, Levine voluntarily dismissed the claims against Beth Israel and American Access Care, among others.  (*See* ECF Docket No. 119)

9.      On August 5, 2019, Levine filed the Amended Complaint, which asserted an entirely new allegedly fraudulent scheme by Shams to bilk the government by submitting false claims for medically unnecessary follow-up appointments.  On August 8, 2019, Levine filed a corrected version of the Amended Complaint, which is annexed as Exhibit 3.

10.      The Amended Complaint relies heavily on data from the Centers for Medicare and Medicaid Services ("CMS"), a federal agency within the United States Department of Health and Human Services, and cites CMS statistics regarding Shams's practice concerning the amounts billed to Medicare, the number of certain procedures performed by Shams, and Shams's national rankings for certain procedures.  (*See* Ex. 3 ¶¶ 95-110)

11.      In response to the CMS data relied on by Levine, and incorporated into the Amended Complaint, my office consulted CMS data that was presented in the Wall Street

---

[1] Neither Shams nor Beth Israel are referenced in the Complaint-in-Intervention.

Journal for the years 2012 through 2015 (https://graphics.wsj.com/medicare-billing/).  Annexed as Exhibits 4 through 7 are documents showing the CMS data associated with Shams for the years 2012 through 2015, respectively.

      12.    Annexed as Exhibit 8 is a copy of a publicly available CMS report, dated April 7, 2014 (Last Updated June 3, 2019), titled *Medicare Fee-for-Service Provider Utilization & Payment Data Physician and Other Supplier Public Use File: A Methodological Overview*.  A copy of the report is also available at https://www.cms.gov/Research-Statistics-Data-and-Systems/Statistics-Trends-and-Reports/Medicare-Provider-Charge-Data/Downloads/Medicare-Physician-and-Other-Supplier-PUF-Methodology.pdf.

      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: New York, New York
       October 24, 2018

                        /s/ Stephen Wagner
                        STEPHEN WAGNER