

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

**BRIAN L. BANK**
PARTNER
(516) 357-3516
brian.bank@rivkin.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/6/2019

November 1, 2019

**VIA ECF FILING**

Hon. Lorna G. Schofield, U.S.D.J.
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

  Re:    *United States of America ex rel. Michael I. Levine, M.D. v. Vascular Access Centers, L.P., et al.*, Docket No. 12-cv-05103(LGS) (S.D.N.Y.)

Dear Judge Schofield:

      I write on behalf of Defendants Robert Matalon, M.D., Daniel Matalon, M.D., and Albert Matalon, M.D. (collectively, the "Matalon Defendants") jointly with Defendant Joseph Shams, M.D. ("Dr. Shams") (collectively with the Matalon Defendants, "Defendants") to respectfully request, pursuant to Local Civil Rule 37.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, as modified by Rule III.C.3 of the Court's Individual Rules and Procedures for Civil Cases, a pre-motion conference to discuss Defendants' anticipated motion to stay discovery pending resolution of the pending motions to dismiss [D.E. 176 and 180]. Relator Michael I. Levine, M.D. ("Relator") declined to join in this motion, but has indicated an intention to separately move for an extension of the discovery schedule.

      During the September 10, 2019 initial conference in this matter, the parties jointly requested that the Court stay discovery in this action pending resolution of Defendants' then-anticipated motions to dismiss. The Court, however, declined to grant a stay at that time, instead imposing a discovery schedule [D.E. 171] that has fact discovery closing on January 8, 2019 – less than one month after the parties are scheduled to complete briefing on the pending motions and less than two weeks after the December 30, 2019 deadline to complete the production of documents. Since that time, the parties have worked in good faith to comply with the Court's scheduling order, with all parties serving Rule 26(a) Initial Disclosures and initial interrogatories and document demands, and certain parties serving written objections and responses thereto, and non-party subpoenas. Counsel for Relator now demands that party depositions be scheduled in advance of December 23, 2019. Given the posture of the case and the burden associated with further discovery at this time, Defendants respectfully renew their request that the Court stay discovery pending resolution of the pending motions to dismiss.

9 Thurlow Terrace
Albany, NY 12203-1005
T 518.462.3000  F 518.462.4199

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460  F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555  F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100  F 845.473.8777

Hon. Lorna G. Schofield, U.S.D.J.
November 1, 2019
Page 2

Under Federal Rule of Civil Procedure 26(c), a district court may stay discovery during the pendency of a motion to dismiss for "good cause shown." In re Currency Conversion Fee Antitrust Litigation, No. MDL 1409, M21-95, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002); Moore v. Painewebber, Inc., No. 96-cv-6820, 1997 WL 12805, at *1 (S.D.N.Y. Jan. 14, 1997). Good cause "requires a showing of facts militating in favor of the stay." American Booksellers Ass'n v. Houghton Mifflin Co., No. 94-cv-8566(JFK), 1995 WL 72376, at *1 (S.D.N.Y. Feb. 22, 1995). In analyzing whether good cause exists to support a stay while a motion to dismiss is pending, courts consider the following factors: (i) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious; (ii) the breadth of discovery and the burden of responding to it; and (iii) the risk of unfair prejudice to the party opposing the stay. See Guiffre v. Maxwell, No. 15-cv-7433(RWS), 2016 WL 254932 (S.D.N.Y. Jan. 20, 2016). Additional relevant factors include "the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, the type of motion and whether it is a challenge as a matter of law or to the sufficiency of the allegations, and the posture or stage of the litigation." Spinelli v. NFL, 13-cv-7398, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015). These facts all militate in favor of staying discovery in this action pending resolution of Defendants' motions.

**Defendants Have Made a Strong Showing that Plaintiff's Claims Lack Merit**: As this Court recognized during the initial conference, Relator's Amended Complaint appears to lack factual allegations that, if proven true, could support the imposition of False Claims Act ("FCA") liability against the Matalon Defendants. Indeed, the Matalon Defendants' memorandum of law outlines how the Amended Complaint fails to allege facts sufficient to support any elemental showing required to sustain a claim under the FCA as against them. Similarly, Dr. Shams' memorandum of law demonstrates that the Amended Complaint fails to allege any viable FCA claim against him because, among other things: (i) Relator is not an "original source"; (ii) the Amended Complaint fails to set forth any non-conclusory factual allegations supporting any FCA violation; and (iii) Relator's claims are barred by the applicable statute of limitations.[1] These memoranda make clear that Defendants have made a strong showing that Relator's claims are all susceptible to pre-answer dismissal.

The Amended Complaint, on its face, suggests that Relator will seek to cure his pleading deficiencies through the discovery process. See Am. Compl. at ¶¶ 111, 127. Indeed, Relator now demands that the Matalon Defendants produce their documents within the next week or so – before his opposition to the pending motion to dismiss is due, further evidencing Relator's intent to utilize the discovery process to bolster his deficient pleading. Controlling precedent, however, holds that where Rule 9(b) applies, as it does here, a plaintiff may not use discovery to obtain facts that he does not presently have in order to meet a pleading requirement. See Madonna v. United States, 878 F.2d 62, 66 (2d Cir. 1989) ("One of the purposes of Rule 9(b) is to discourage the filing of complaints as a pretext for discovery of unknown wrongs."); Decker v. Massey-Ferguson, Ltd., 681 F.2d 111, 116 (2d Cir. 1982); Segal v. Gordon, 467 F.2d 602, 607 (2d Cir. 1972). For this reason alone, the Court should stay discovery pending its resolution of Defendants' motions to dismiss.

---

[1] The Matalon Defendants and Dr. Shams respectfully incorporate by reference their respective memoranda of law in support of their motions to dismiss the Amended Complaint [D.E. 178, 181].

Hon. Lorna G. Schofield, U.S.D.J.
November 1, 2019
Page 3

**Further Discovery is Extensive and Overly Burdensome on Defendants**:  The discovery scheduled to proceed during the pendency of Defendants' motions to dismiss is extensive and burdensome. Specifically, all four remaining Defendants, along with no less than two non-parties to this action, would need to collect, review, and produce a wide range of documents, including, among other things, protected health information relating to patients that received at least one of eighteen different procedures for a thirteen-year period. For at least a portion of that relevant period, the Matalon Defendants maintained their patient records in hardcopy, with each responsive patient record potentially containing hundreds of pages.

In addition to the cost and burden of producing these documents, Relator has stated his intention to complete party depositions by December 23, 2019. Implicit in this statement is the need for Defendants to complete the above-referenced documents production sufficiently in advance of their depositions or else risk that Realtor will seek to recall them for further testimony. This essentially puts Defendants in the untenable position of having to complete document discovery while still briefing their motions to dismiss and while those motions are pending sub judice.

**Relator Will Not Be Prejudiced by a Stay of Discovery**: Relator will not be prejudiced by a stay of discovery so long as the discovery schedule is amended to permit the parties to complete discovery following the Court's decisions on the pending motions to dismiss. As set forth above, the parties have exchanged initial written discovery. This action remains in the early stages of discovery and a decision on the pending motions will aid all parties in focusing any additional discovery in an efficient manner.

**Additional Relevant Factors Support Imposition of a Stay of Discovery**: In addition to the above, the following factors support the imposition of a stay of discovery in this action: (i) this action involves FCA claims that are complex and wide-ranging in nature; and (ii) the litigation remains in its early stages. Finally, although the pending motions to dismiss do, in part, challenge the sufficiency of the allegations, it bears emphasis that during the September 10, 2019 initial conference, the Court commented sua sponte that the allegations against the Matalon Defendants appeared to be based only on innuendo and offered Relator an opportunity to re-plead, in response to which Relator advised that he has no additional facts to allege. In these circumstances, the court decisions and controlling precedents discussed above especially warrant a stay of discovery pending a determination of the motions to dismiss.

For the forgoing reasons, Defendants respectfully request that the Court stay discovery pending resolution of the pending motions to dismiss and issue a new discovery schedule following such determinations. The Court's time and attention to this matter is appreciated.

Very truly yours,
RIVKIN RADLER LLP

/s/ Brian L. Bank
Brian L. Bank

cc:   All counsel for record (via ECF)
4617706

Having reviewed both parties' letters, the application is GRANTED.  Discovery will be stayed until further Order, at least through resolution of the Motion to Dismiss.  The Clerk of Court is respectfully directed to close Dkt. No. 187.

Dated: November 6, 2019
        New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**