UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
UNITED STATES OF AMERICA <u>ex</u> <u>rel.</u>, and STATE
OF NEW YORK <u>ex</u> <u>rel.</u>, MICHAEL I. LEVINE, M.D.,

|  |  |
|---|---|
| Plaintiff-Relator, | Docket No.: 12-cv-05103-LGS |

v.

ROBERT MATALON, MD, JOSEPH SHAMS, MD,
DANIEL MATALON, MD, ALBERT MATALON,
M.D, VASCULAR ACCESS CENTERS (and each of
its subsidiary and/or related Corporations), JAMES
McGUCKIN, MD (and any and all clinics owned, run,
managed or operated by him), PHILADELPHIA
VASCULAR INSTITUTE,

Defendants.
-------------------------------------------------------------------X

### DEFENDANTS ROBERT MATALON, M.D., DANIEL MATALON, M.D., AND ALBERT MATALON, M.D.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS

RIVKIN RADLER LLP
926 RXR Plaza
Uniondale, New York 11556-0926
Telephone:     (516) 357-3000
Facsimile:     (516) 357-3333

*Counsel for Defendants Robert Matalon, M.D., Daniel Matalon, M.D., and Albert Matalon, M.D.*

Of Counsel:
      Geoffrey Kaiser, Esq.
      Brian L. Bank, Esq.
      Michelle A. Bholan, Esq.

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..........................................................................................................ii

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .............................................................................................................................. 2

I.      THE MATALON DEFENDANTS HAVE ESTABLISHED THAT RELATOR'S
        CLAIMS AS AGAINST THEM MUST BE DISMISSED .................................................2

II.     RELATOR HAS FAILED TO RAISE ANY LEGALLY COGNIZABLE BASIS
        TO SUSTAIN HIS CLAIMS AGAINST THE MATALON DEFENDANTS ...................2

CONCLUSION.......................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.,
    342 F.3d 634 (6th Cir. 2003) ...................................................................8, 9

United States ex rel. Hutcheson v. Blackstone Med., Inc.,
    647 F.3d 377 (1st Cir.), cert. denied, 565 U.S. 1079 (2011) .................................5, 6

United States ex rel. Long v. SCS Bus. & Tech. Inst.,
    999 F. Supp. 78 (D.D.C. 1998), rev'd on other grounds, 173 F.3d 870
    (D.C. Cir. 1999), cert. denied, 530 U.S. 1202 (2000).......................................6, 7, 8

United States ex rel. Marcus v. Hess,
    317 U.S. 537 (1943).................................................................................4, 5

United States ex rel. Phalp v. Lincare Holdings, Inc.,
    857 F.3d 1148 (11th Cir. 2017) .................................................................8, 9

United States ex rel. Schagrin v. LDR Indus., Inc.,
    No. 14-C-9125, 2018 U.S. Dist. LEXIS 197477 (N.D. Ill. Nov. 20, 2018) ............................7

United States ex rel. Tessler v. City of New York,
    712 Fed. Appx. 27 (2d Cir. 2017).................................................................6

United States v. Bornstein,
    423 U.S. 303 (1976).................................................................................3, 4

United States v. Bourseau,
    531 F.3d 1159 (9th Cir. 2008), cert. denied, 555 U.S. 1212 (2009) .........................................6

United States v. President & Fellows of Harvard College,
    323 F. Supp. 2d 151 (D. Mass. 2004) .............................................................7, 8

United States v. Raymond & Witcomb Co.,
    53 F. Supp. 2d 436 (S.D.N.Y. 1999).................................................................5

Universal Health Servs. v. United States ex rel. Escobar,
    136 S. Ct. 1989 (2016)..............................................................................3

**Other Authorities**

Fed. R. Civ. P. 9.......................................................................................1, 2, 9

Fed. R. Civ. P. 12.......................................................................................1, 10

ii

## PRELIMINARY STATEMENT

Defendants Robert Matalon, M.D. ("Dr. Robert"), Daniel Matalon, M.D. ("Dr. Daniel"), and Albert Matalon, M.D. ("Dr. Albert") (collectively, the "Matalon Defendants") respectfully submit this reply memorandum of law in further support of their motion pursuant to Fed. R. Civ. P. 12(b)(6) seeking dismissal of Relator Michael I. Levine, M.D.'s ("Relator") Amended Complaint (the "Amended Complaint"),[1] with prejudice, in its entirety as against them.

Simply put, Relator's opposition to the instant motion is nothing more than a recycling of the naked, speculative, and conclusory allegations in the Amended Complaint that, for the reasons stated in the Matalon Defendants' motion papers, fail to adequately allege any of the particulars required under Rule 9(b) to sustain False Claims Act ("FCA") claims against the Matalon Defendants.  Tellingly, Relator does not even address, let alone refute, the arguments raised by the Matalon Defendants in their moving papers.  Instead, Relator devotes much of his opposition to repeating the woefully deficient allegations contained in his Amended Complaint.  From there, Relator – ignoring the controlling precedents that address FCA pleading standards cited by the Matalon Defendants – purports to rely upon a cobbling of decisions that have no relevance to the instant motion in a futile effort to convince this Court that his allegations suffice. None of the case law cited by Relator, however, alters the analysis or salvages Relator's claims against the Matalon Defendants.

Simply put, Relator has failed to sufficiently allege his FCA claims against the Matalon Defendants.  As such, and for the reasons discussed below and in the Matalon Defendants' moving papers, the Court should grant the Matalon Defendants' motion to dismiss in its entirety.

---

[1] Per the accompanying supplemental declaration, the Matalon Defendants' motion to dismiss should be applied against the Amended Complaint (Corrected Version) [D.E. 186].

## **ARGUMENT**

### I.     **THE MATALON DEFENDANTS HAVE ESTABLISHED THAT RELATOR'S CLAIMS AS AGAINST THEM MUST BE DISMISSED**

As set forth in the Matalon Defendants' moving papers, the Amended Complaint as asserted against them must be dismissed for several reasons.  First, although Relator alleges that the Matalon Defendants had a causal role in FCA violations allegedly committed by Joseph Shams, M.D. ("Dr. Shams") (the "Shams Claims") and submitted their own allegedly false claims for capitated payments (the "Capitated Claims"), Relator failed to plead any facts, let alone particularized facts, regarding the Matalon Defendants' unlawful conduct in connection with the alleged fraudulent scheme that purportedly resulted in either set of claims.  Second, the Amended Complaint is devoid of facts sufficient to establish that the Matalon Defendants submitted or caused to be submitted any claims that were factually or legally false.  Third, although Rule 9(b) permits the pleading of scienter by inference, the allegations in the Amended Complaint amount to nothing more than conjecture and innuendo, and do not include sufficiently particularized facts from which the Court can make any such inference with respect to the Matalon Defendants, be it actual knowledge, deliberate indifference, or reckless disregard. Finally, Relator failed to sufficiently plead the submission of a false claim by the Matalon Defendants.  For these reasons, Relator's Amended Complaint must be dismissed as against the Matalon Defendants in its entirety and Relator's recitation of the Amended Complaint's allegations does not salvage his claims.

### II.     **RELATOR HAS FAILED TO RAISE ANY LEGALLY COGNIZABLE BASIS TO SUSTAIN HIS CLAIMS AGAINST THE MATALON DEFENDANTS**

Rather than address the foregoing arguments concerning the glaring insufficiency of the allegations contained in the Amended Complaint, Relator recites those very same allegations once more.  Notably, Relator fails to advance <u>any</u> legal argument or cite to any cases in support

2

of his claims regarding the Capitated Claims.[2]   As such, Relator's FCA claims against the Matalon Defendants as premised upon the Capitated Claims must be dismissed for the reasons cited in the Matalon Defendants' moving papers.

Relator does cite to various cases – many of which are not from this jurisdiction and are not binding on this Court – in a desperate attempt to salvage his FCA claims against the Matalon Defendants that are premised upon the Shams Claims.  Specifically, Relator cobbles together various statements from these decisions for the proposition that FCA liability can be imposed upon a party that does not submit a claim so long as that party knowingly assisted in the claim's submission.  While it is a truism that knowingly causing the submission of a false claim can result in FCA liability, for the reasons stated in the Matalon Defendants' moving papers, Relator has not come close to alleging facts that might support an inference that the Matalon Defendants ever engaged in such conduct.

Furthermore, none of the cases cited by Relator involves the purported fraudulent scheme that Relator alleges herein – where one doctor refers patients to another doctor for medically necessary services, and that second doctor then unilaterally performs unnecessary follow-up treatment on those patients, allegedly resulting in FCA liability for the referring doctor.  Instead, the cases cited by Relator are inapplicable to the case at bar, factually dissimilar, and/or actually support the Matalon Defendants' arguments in support of dismissal.

Among the cases cited by Relator, only a handful are controlling on this Court and none of those cases has any application to the case at bar.[3]  In United States v. Bornstein, 423 U.S. 303

---

[2] Notably, Relator does not identify a single allegation in the Amended Complaint that Dr. Robert submitted claims for and/or received payment in connection with the Capitated Claims.

[3] Relator includes a "see also" citation to Universal Health Servs. v. United States ex rel. Escobar, 136 S. Ct. 1989 (2016), pin-citing to the Supreme Court's discussion of implied false certification theory.  This theory has no bearing on the instant motion, as the Amended

(1976), for example, the Supreme Court, in the course of addressing issues that are entirely unrelated to the instant motion, noted in dicta that the United States has a cause of action under the FCA against a subcontractor who causes a prime contractor to submit a false claim to the Government.  Specifically, the claims at issue in Bornstein related to parts supplied by the subcontractor to the prime contractor that the subcontractor labeled as meeting specification even though they did not, and for which the prime contractor ultimately sought payment from the Government.  See Bornstein, 423 U.S. at 307.  Here, however, the Amended Complaint does not allege a subcontractor and prime contractor relationship between Dr. Shams and the Matalon Defendants.  Further, unlike in Bornstein, the only connection between the Shams Claims and the Matalon Defendants were the initial referrals of patients by the Matalon Defendants to Dr. Shams for vascular access treatment – referrals that Relator does not challenge as improper and which do not form the basis for the Shams Claims.  Hence, even if Bornstein had relevance to the instant motion, which it does not, that decision did not even consider the additional level of separation that is present here between the Matalon Defendants and the Shams Claims, rendering it immaterial to Relator's allegations.

Similarly, Relator's reliance on United States ex rel. Marcus v. Hess, 317 U.S. 537 (1943) is misplaced.  In Hess, the Supreme Court, interpreting the language of a prior iteration of the FCA, held that the FCA reached any person who knowingly assisted in causing the Government to pay claims grounded in fraud without regard to whether that person had direct contractual relations with the Government.  See Hess, at 317 U.S. 544-45.  For the reasons explained in the Matalon Defendants' moving papers, under controlling precedent interpreting the pleading requirements for scienter under the current FCA, Relator has failed to sufficiently

---

Complaint is devoid of any allegation that the Matalon Defendants made any certification whatsoever – express or implied – with respect to the Shams Claims.

allege that the Matalon Defendants had legal knowledge that Dr. Shams was allegedly engaged in a so-called "self-referral" practice and was thereby generating unnecessary and unreasonable claims to the Medicare and Medicaid programs.  Furthermore, the Amended Complaint herein is devoid of any allegations of the type of collusion found between the defendants in Hess.

The only other in-circuit case cited by Relator is United States v. Raymond & Witcomb Co., 53 F. Supp. 2d 436 (S.D.N.Y. 1999).  In Raymond & Witcomb, Judge Motley held that a defendant could be held liable under the FCA even though a third party actually completed and submitted the false claim if that third party acted either as the defendant's agent or pursuant to the defendant's instructions.  See Raymond & Witcomb, 53 F. Supp. 2d at 445.  Here, the Amended Complaint contains no allegations that Dr. Shams ever acted on behalf of or at the direction of the Matalon Defendants.  Rather, by Relator's own allegations, any allegedly superfluous follow-up medical appointments scheduled by Dr. Shams for medically unnecessary services were not initiated by referrals from the Matalon Defendants.  See Supplemental Declaration of Brian L. Bank, as declared on December 13, 2019, Ex. A at ¶ 85.

The balance of the cases cited by Relator, none of which is controlling, are all likewise distinguishable and do nothing to salvage his deficient claims against the Matalon Defendants. For example, Relator cites to United States ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377 (1st Cir.), cert. denied, 565 U.S. 1079 (2011) for the proposition that a non-submitting party may be liable under the FCA for knowingly causing the submission of a false claim regardless of whether the submitting entity knew or should have known of the non-submitting entity's unlawful conduct.  This proposition, however, is only relevant where the conduct of the non-submitting party results in the claim's falsity.  The Amended Complaint, however, is bereft of any allegation that the conduct of the Matalon Defendants caused the Shams Claims to be false.

As such, Hutcheson has no bearing on the instant motion.

Relator cites to United States v. Bourseau, 531 F.3d 1159 (9th Cir. 2008), cert. denied, 555 U.S. 1212 (2009) for the proposition that individuals and contractors must make simple, limited inquiries so as to be reasonably certain that they are entitled to the money they seek.  In Bourseau, the defendant – one of two individuals that ran a hospital through various entities that they owned and controlled – agreed to submit cost reports that contained false statements.  In holding that this defendant acted with the scienter required by the FCA, the Ninth Circuit rejected the defendant's claim that he did not knowingly include false statements in the cost reports because he was not responsible for financial operations, and instead relied on the fact that the defendant equally depended upon the cost reports for reimbursements, thus rendering his failure to undertake any inquiry into the cost reports as deliberate indifference.  See Bourseau, 531 F.3d at 1168.

Unlike in Bourseau, the Amended Complaint herein contains no factual allegation that, if proven true, would establish that the Matalon Defendants agreed with, let alone had knowledge of, Dr. Shams' alleged self-referral practice, or that they agreed to, let alone had knowledge of, the submission of the Shams Claims.  Rather, the Amended Complaint proffers only conjecture and speculation regarding what the Matalon Defendants "would have" known, and falls far short of the particularized allegations of fact necessary to survive this motion.  See United States ex rel. Tessler v. City of New York, 712 Fed. Appx. 27, 29 (2d Cir. 2017).  The Amended Complaint is also devoid of any suggestion that the Matalon Defendants equally depended upon the Shams Claims for reimbursements.

Relator also cites to United States ex rel. Long v. SCS Bus. & Tech. Inst., 999 F. Supp. 78 (D.D.C. 1998), rev'd on other grounds, 173 F.3d 870 (D.C. Cir. 1999), cert. denied, 530 U.S.

1202 (2000) and <u>United States v. President & Fellows of Harvard College</u>, 323 F. Supp. 2d 151 (D. Mass. 2004),[4] which each address FCA claims asserted against non-submitting defendants that had knowledge of the submission of false claims, yet chose to ignore same.  Specifically, in <u>Long</u>, the court denied the State of New York's motion to dismiss and held that the relator therein had alleged, <u>with the requisite specificity</u>, factual allegations that New York officials allowed a certain proprietary school that was overseen by the State to submit false claims to the Government over a number of years, including even after those State officials knew of the falsity of the proprietary school's claims.  <u>See</u> <u>Long</u>, 999 F. Supp. at 91.  Similarly, in <u>President & Fellows</u>, the Court, relying on <u>Long</u>, noted that "[w]here the defendant has an ongoing business relationship with a repeated false claimant, and the defendant knows of the false claims, yet does not cease doing business with the claimant or disclose the false claims to the United States, the defendant's ostrich-like behavior itself becomes a course of conduct that allowed fraudulent claims to be presented to the federal government."  <u>President & Fellows</u>, 323 F. Supp. 2d at 187 (citing <u>Long</u>, 999 F. Supp. at 91).

In presenting these cases, however, Relator cherry-picked certain quotations and glossed over the true import of these decisions.  As the court in <u>President & Fellows</u> expressly noted immediately following the quotation cited by Relator, "even under the broadest interpretation,

---

[4] Relator notes that <u>United States ex rel. Schagrin v. LDR Indus., Inc.</u>, No. 14-C-9125, 2018 U.S. Dist. LEXIS 197477 (N.D. Ill. Nov. 20, 2018) favorably cites to <u>President & Fellows</u>, but fails to mention that the court in <u>Schagrin</u> ended up granting the defendants' motion to dismiss.  The court explained that "when a person has the unfettered power not simply to report, but to <u>affirmatively stop fraudulent conduct</u>, and instead affirmatively decides to allow the fraud to continue, and furthermore, <u>then enjoys the resulting corporate profits</u>, such a person has proximately caused the fraud and can be liable under the [FCA]."  2018 U.S. Dist. LEXIS 197477, at *19 (emphasis added).  Notwithstanding the foregoing, the court found that the relators' complaint failed to sufficiently allege that the defendants had knowledge of the false claims.  2018 U.S. Dist. LEXIS 197477, at *18-*22.  In the case at hand, it is not (and could not) be alleged that the Matalon Defendants could have affirmatively stopped Dr. Shams' purportedly fraudulent conduct, or that they enjoyed any profits therefrom.

the defendant must know that claims are being submitted to the United States." 323 F. Supp. 2d at 187. Here, the Amended Complaint proffers conjecture and speculation regarding what the Matalon Defendants "would have" known regarding the Shams Claims, but it is wholly devoid of any particularized factual allegations of what they did know. Without any such factual allegations, this case wholly distinguishable from the facts of <u>Long</u> and <u>President & Fellows</u>. Relator also does not (and cannot) allege any facts demonstrating that the Matalon Defendants had any administrative oversight responsibility for or business (as opposed to professional) relationship with Dr. Shams that would be remotely comparable to the relationships described in <u>Long</u> and <u>President & Fellows</u> between the submitting and non-submitting defendants.

It further bears emphasis that the court in <u>President & Fellows</u> ultimately held that one of the defendants therein did not cause the submission of false claims because, <u>inter alia</u>, he did not take any actions to have claims submitted to the government. See <u>President & Fellows</u>, 323 F. Supp. 2d at 188. The court concluded that, even if this defendant knew or should have known that false claims were going to be submitted, his failure to take steps to ensure that the submitting entity discontinued the submission of false claims did not constitute causation under the FCA. See <u>id.</u>, 323 F. Supp. 2d at 189. Thus, if anything, <u>President & Fellows</u> supports the dismissal of Relator's claims herein as against the Matalon Defendants, as Relator does not allege that the Matalon Defendants took any actions to have the Shams Claims submitted to the Government (and, as noted above, in fact concedes that the Shams Claims were <u>not</u> initiated by referrals from the Matalon Defendants), but rather only alleges that the Matalon Defendants referred their patients to Dr. Shams for medically necessary services.

Finally, Relator cites to <u>United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.</u>, 342 F.3d 634 (6th Cir. 2003) and <u>United States ex rel. Phalp v. Lincare Holdings, Inc.</u>, 857 F.3d 1148

(11th Cir. 2017) for the proposition that a defendant need not establish actual knowledge or specific intent in order to establish liability under the FCA. Why Relator cites to these cases for this proposition is unclear, as the Matalon Defendants acknowledged such when discussing the Second Circuit's standard for pleading scienter under the FCA. See Matalon Defendants' Memo. of Law at 21. In any event, when viewed in context, these cases – if anything – support the Matalon Defendants' motion to dismiss.

Specifically, in <u>Bledsoe</u>, the Sixth Circuit discussed Congress's clarification of the "knowing" standard, as quoted by Relator, in an analysis of whether Rule 9(b) applied to FCA claims, ultimately concluding that it did and dismissing the relator's FCA claim therein for failing to include sufficient particularity. See <u>Bledsoe</u>, 342 F.3d at 643. In doing so, the Sixth Circuit found that, <u>inter alia</u>, allegations against "Defendants" without specifying which defendants to which the allegations were referring did not comport with the requirements of Rule 9(b). The Matalon Defendants have asserted the very same argument in their motion to dismiss and Relator has failed to address same.

Similarly, in <u>Phalp</u>, the Eleventh Circuit affirmed summary judgment in favor of the defendants on the ground that the relator failed to present sufficient evidence of scienter to survive summary judgment. See <u>Phalp</u>, 857 F.3d at 1156. The Eleventh Circuit determined that the relator's evidence of scienter, including certain e-mails, would not permit a reasonable jury to conclude that the defendant knowingly submitted false claims. See <u>id.</u> Here, Relator has failed to assert any factual allegations sufficient to infer scienter, let alone identify any evidence that could prove scienter.

Simply put, in virtually all of the cases cited by Relator, the non-submitting defendant either engaged in the conduct that caused the claims to be false or there was a sufficient factual

basis to determine that the non-submitting defendant knew of the submission of false claims and chose to ignore it.  Here, there is no allegation that the Matalon Defendants caused the Shams Claims to be false and, as previously noted, Relator has failed to sufficiently allege facts that, if proven true, would establish knowledge by and/or permit an inference of scienter upon the Matalon Defendants.  Rather, the Amended Complaint is limited to naked accusations that amount to nothing more than speculation and innuendo, and are wholly insufficient to withstand the instant motion to dismiss.  Accordingly, the Matalon Defendants' motion must be granted in its entirety.

### <u>CONCLUSION</u>

For these reasons, and those set forth in the Matalon Defendants' moving papers, the Matalon Defendants respectfully request that this Court issue an Order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing, with prejudice, Relator's Amended Complaint as asserted against the Matalon Defendants in its entirety, along with such other and further relief as this Court may deem just and proper.

Dated:  Uniondale, New York
       December 13, 2019

                        Respectfully submitted,
                        RIVKIN RADLER LLP

                        By: /s/ Brian L. Bank
                              Geoffrey Kaiser, Esq. (GK 6991)
                              Brian L. Bank, Esq. (BB 5995)
                              Michelle A. Bholan, Esq. (MB 7505)
                        926 RXR Plaza
                        Uniondale, New York 11556-0926
                        Telephone:    (516) 357-3000
                        Facsimile:    (516) 357-3333

                        *Counsel for Defendants Robert Matalon, M.D., Daniel Matalon, M.D., and Albert Matalon, M.D.*

4658969