**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* MICHAEL I. LEVINE, M.D., <br><br> Plaintiff, <br><br> v. <br><br> VASCULAR ACCESS CENTERS, L.P., and each of its subsidiary and/or related corporations, *et al.*, <br><br> Defendants. | No. 12 Civ. 5103 (LGS) |
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> VASCULAR ACCESS CENTERS, L.P., and each of its subsidiary and/or related corporations, <br><br> Defendants. | |

**NOTICE AND ORDER OF PARTIAL SATISFACTION AND RELEASE**

WHEREAS, on October 19, 2018, this Court entered a Stipulation and Order of

Settlement and Dismissal, ECF No. 28 (the "Stipulation"), that was executed by the United

States of America (the "United States"), relator Michael I. Levine ("Relator"), and Vascular

Access Centers, L.P. ("VAC"), and each of its subsidiary and/or related corporations[1]

---

[1] In addition to Vascular Access Centers, L.P., the VAC Defendants consist of Vascular Access Center of Atlanta LLC; Vascular Access Center of Atlantic County LLC; Vascular Access Center of Bolivar County LLC; Vascular Access Center of Central Jersey LLC; Vascular Access Center of Durham LLC; Vascular Access Center of Eatontown LLC; Vascular Access Center of Georgia LLC; Vascular Access Center of Houston LLC; Vascular Access Center of Jacksonville LLC; Vascular Access Center of Jersey City LLC; Vascular Access Center of Memphis LLC; Vascular Access Center of New Orleans LLC; Vascular Access Center of North

(collectively, the "VAC Defendants") to resolve claims under the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq*., relating to the Covered Conduct as defined in the Stipulation;

WHEREAS, the Stipulation requires the VAC Defendants to, among other things, make payments to the United States on the terms set forth in paragraph 3 thereof (defined in the Stipulation as the "Settlement Payments");

WHEREAS, paragraphs 3(e)-(h) of the Stipulation included within the Settlement Payments an obligation on the part of the VAC Defendants to pay to the United States certain portions of the proceeds of sales of any VAC Centers on the terms set forth therein;

WHEREAS, paragraph 6 of the Stipulation specified that, upon receipt of the Settlement Payments in full, the United States would provide certain releases to the VAC Defendants;

WHEREAS, paragraph 8 of the Stipulation specified that, upon receipt of the Settlement Payments in full, the Relator would provide certain releases to the VAC Defendants;

WHEREAS, VAC consented to an involuntary bankruptcy petition filed against it on November 12, 2019, and is subject to a chapter 11 bankruptcy proceeding that is currently pending before the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court") in Case No. 19-17117 (the "Bankruptcy Case");

WHEREAS, on February 12, 2020, the Bankruptcy Court appointed Stephen V. Falanga (the "Trustee") as chapter 11 trustee of the bankruptcy estate of VAC;

WHEREAS, on June 11, 2020, the Bankruptcy Court entered a stipulation and consent

---

Shore Louisiana LLC; Vascular Access Center of Pittsburgh LLC; Vascular Access Center of Prince George County LLC; Vascular Access Center of Seattle LLC; Vascular Access Center of South Atlanta LLC; Vascular Access Center of South Los Angeles LLC; Vascular Access Center of Southern Maryland LLC; Vascular Access Center of Southwest Louisiana LLC; Vascular Access Center of Trenton LLC; Vascular Access Center of Washington DC LLC; and Vascular Access Center of West Orange LLC (collectively, the "VAC Centers").

2

order authorizing VAC to honor and continue to perform under the Stipulation, *see* Bankruptcy Case ECF No. 395;

WHEREAS, pursuant to paragraph 3(c) of the Stipulation, the VAC Defendants were obligated to but did not make two Settlement Payments of $201,250 each (totaling $402,500) to the United States by close of business on October 1, 2020 (extended by agreement until December 1, 2020) and separately January 1, 2021;

WHEREAS, on October 2, 2020, pursuant to paragraph 12 of the Stipulation, the United States provided written notice of default to the VAC Defendants of their obligations under the Stipulation;

WHEREAS, the VAC Defendants-stipulated to the defaults and agreed to provide adequate protection liens in the aggregate amount of $402,500 against certain of VAC's property to secure the VAC Defendants' payment obligations with respect to the missed Settlement Payments (the "Adequate Protection Liens"), and, in exchange, the United States agreed to forbear from exercising its remedies, which forbearance could be revoked by the United States on five days' written notice, *see* Bankruptcy Case ECF Nos. 595 and 656;

WHEREAS, on March 1, 2021, the United States provided written notice that it was revoking its forbearance and was exercising its remedies under the Stipulation;

WHEREAS, after the defaults described above, this Court entered a Consent Judgment against the VAC Defendants on March 19, 2021, ECF No. 208 (the "Consent Judgment"), pursuant to which they are now jointly and severally liable in the principal amount of $18,360,794, plus interest as stated therein;

WHEREAS, as part of the Bankruptcy Case, in order to raise money for its creditors, VAC proposed to sell the assets of or VAC's equity in certain of the VAC Defendants—

ACTIVE.133401686.05

Vascular Access Center of Bolivar County, LLC; Vascular Access Center of New Orleans, LLC; Vascular Access Center of North Shore Louisiana, LLC; Vascular Access Center of Southern Maryland, LLC; Vascular Access Center of Prince George's County, LLC; Vascular Access Center of Atlantic County, LLC (together, the "Purchased Centers")—to Endovascular Health Services, LLC ("Endovascular");

WHEREAS, VAC and Endovascular signed a Term Sheet dated March 22, 2021 ("Term Sheet"), *see* Bankruptcy Case, ECF No. 701-1, Ex. C, to memorialize the proposed terms and conditions of the sale transaction ("Sale"), which requires Endovascular to pay a total of $1,100,000 to purchase the Purchased Centers, and out of which it would pay, on VAC's behalf: (1) $402,500 directly to the United States in exchange for a release by the United States of its Adequate Protection Liens; and (2) an additional $400,000 directly to the United States in exchange for a release by the United States of any obligation of Endovascular or the Purchased Centers under the Stipulation and Consent Judgment;

WHEREAS, at a Bankruptcy Court hearing regarding the Sale held on April 6, 2021, Endovascular agreed to pay an additional $100,000 to VAC for the Purchased Centers above the $1,100,000 purchase price originally specified in the Term Sheet (the "Additional Consideration");

WHEREAS, the United States and the Trustee on behalf of VAC have agreed that $24,000 of the Additional Consideration will be paid to the United States by the Trustee within five business days after the Effective Date of this Notice and Order (as defined below), and Endovascular has consented to such payment;

WHEREAS, on April 8, 2021, the Bankruptcy Court entered an order approving the Sale, *see* Bankruptcy Case, ECF No. 733 (the "Sale Order"), which provides, among other things,

ACTIVE.133401686.05

consistent with the Term Sheet, that (a) upon the United States' receipt of $402,500 from or on behalf of VAC, the Adequate Protection Liens will be deemed satisfied in full and released and (b) upon the United States' receipt of an additional $400,000 from or on behalf of VAC, the Purchased Centers will be released from any liability under or related to the Stipulation and the Consent Judgment, and the United States is authorized and directed to take such actions as reasonably necessary to effect such release, including without limitation to obtain any necessary approval from this Court and/or to cause the Consent Judgment to be deemed satisfied with respect to the Purchased Centers;

WHEREAS, on April 12, 2021, Endovascular paid on VAC's behalf $402,500 of the Sale price directly to the United States and, pursuant to the Sale Order, the United States' Adequate Protection Liens were released and deemed satisfied in full;

WHEREAS, the Sale closed on May 21, 2021;

WHEREAS, on or about May 24, 2021, Endovascular paid the Additional Consideration to VAC;

NOW THEREFORE, upon the Parties' agreement in this Notice and Order, IT IS HEREBY ORDERED that:

1.       Within five business days of the Effective Date of this Notice and Order (defined below), (a) Endovascular, on behalf of VAC, will pay to the order of the United States four hundred thousand dollars ($400,000) pursuant to the Term Sheet and the Sale Order (the "Endovascular Payment"), and (b) the Trustee on behalf of VAC will cause to be paid to the order of the United States twenty-four thousand dollars ($24,000) from the Additional Consideration, as agreed by and between the Trustee on behalf of VAC and the United States

5

and consented to by Endovascular (the "VAC LP Payment"), for a total of four hundred twenty-four thousand dollars ($424,000) (together, the "Payments").

2.      Upon receipt of the Endovascular Payment, in addition to the release provided by the Sale Order to the Purchased Centers:

(a)      The Purchased Centers will be deemed to have fully satisfied their obligations (i) under the Stipulation, including their obligation to make the Settlement Payments, and (ii) under the Term Sheet, and/or Sale Order to pay any portion of the proceeds of the Sale to the United States;

(b)      The United States releases any claims it has related to the Covered Conduct (i) against the Purchased Centers as set forth in Paragraph 6 of the Stipulation, or (ii) against Endovascular, to the extent that such claims arise from its purchase of the Purchased Centers; and

(c)      The Relator releases any claims it has (i) against the Purchased Centers as set forth in Paragraph 8 of the Stipulation, or (ii) against Endovascular, to the extent that such claims arise from its purchase of the Purchased Centers.

3.      Upon receipt of the Endovascular Payment and the VAC LP Payment, VAC will be deemed to have fully satisfied its obligations under the Term Sheet, and/or Sale Order to pay any portion of the proceeds of the Sale to the United States. For the avoidance of doubt, (a) the release of Endovascular and the Purchased Centers in paragraph 2 above is not conditioned on delivery of the VAC LP Payment, and (b) neither Endovascular nor the Purchased Centers have any remaining obligation with respect to the payment of the VAC LP Payment.

4.      For the avoidance of doubt, nothing in this agreement affects any obligations of VAC or the Purchased Centers under the Corporate Integrity Agreement (the "CIA") between

ACTIVE.133401686.05

certain of the VAC Defendants and the U.S. Department of Health and Human Services, Office of Inspector General dated October 9, 2018, including, but not limited to, any successor liability as set forth in Section IV of the CIA.

5.      As soon as reasonably practicable following the United States' confirmed receipt of the Endovascular Payment and the VAC LP Payment, counsel for the United States shall file with the Court a Partial Satisfaction of Judgment as to the Purchased Centers in the form attached hereto as Exhibit "A."

6.      Except as expressly provided herein, all of the terms and conditions of the Stipulation remain fully in effect.  For the avoidance of doubt, nothing in this Notice and Order affects the United States' rights or remedies under the Stipulation or the Consent Judgment other than as expressly set forth herein, including but not limited to the United States' rights to collect the Consent Judgment from the other VAC Defendants.  Likewise, the VAC Defendants and Endovascular reserve all rights to contest the application of the Stipulation to future sales of VAC assets, and nothing in this Notice and Order shall constitute, or be deemed to be, an admission that VAC was obligated to make the Payments under the Stipulation.  Furthermore, except as expressly set forth herein, this Notice and Order shall not release, terminate, discharge, bar, estop, restrain, or enjoin any liens, claims, interests, or encumbrances of the United States (including its departments, agencies, corporations, officers, employees and/or agents) against the Parties or Purchased Centers (including each of their affiliates, successors or assigns, assets or properties) and this Notice and Order does not limit, modify, or in any way affect the United States' ordinary course relationship with the Parties and Purchased Centers, including the United States' ability to regulate enrollment or participation as a Medicare supplier or provider or its related authority to review, approve, deny, pay, recoup or set off Medicare claims in the ordinary

ACTIVE.133401686.05

course of business in accordance with the Medicare statute and regulations, and the policies and procedures thereunder.  The United States takes no position with respect to, and nothing herein shall be construed as the United States' consent to or acceptance of, the underlying Sale.

7.     For the avoidance of doubt, nothing herein shall be construed as an admission, acceptance, concession, consent or position by VAC or the VAC Centers with respect to any rights and remedies the United States claims to possess under the Stipulation, Consent Judgment or otherwise, with VAC and the VAC Centers reserving all rights with respect thereto.

8.     The undersigned counsel and other signatories represent and warrant that they are fully authorized to execute this Notice and Order on behalf of the persons and the entities indicated below.

9.     This Notice and Order constitutes the complete agreement between the Parties with respect to the subject matter hereof.  This Notice and Order may not be amended except by written consent of the Parties.

10.     This Notice and Order may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Notice and Order.  E-mails that attach signatures in PDF form or facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Notice and Order.

11.     This Notice and Order is governed by the laws of the United States.  The exclusive jurisdiction and venue for any dispute relating to this Notice and Order is the United States District Court for the Southern District of New York.  For purposes of construing this Notice and Order, it shall be deemed to have been drafted by all Parties to this Notice and Order and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

ACTIVE.133401686.05

      12.     The effective date of this Notice and Order is the date upon which it is approved by the Court.

SO ORDERED.

 

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

October 4, 2021
_____
Date
New York, New York

9

Agreed to by:

**THE UNITED STATES OF AMERICA**

Dated: Oct. 1 , 2021                    AUDREY STRAUSS
New York, New York                      United States Attorney for the
                                        Southern District of New York

                    By:     _____
                                        JEAN-DAVID BARNEA
                                        Assistant United States Attorney
                                        United States Attorney's Office
                                        86 Chambers Street, 3rd Floor
                                        New York, NY 10007
                                        Tel: (212) 637-2679
                                        Fax: (212) 637-2686
                                        Email: Jean-David.Barnea@usdoj.gov

ACTIVE.133401686.05

**THE RELATOR**

Dated: September 22, 2021        SIMMS SHOWERS LLP
Hunt Valley, Maryland          Counsel for the Relator

By:    _____
J. STEPHEN SIMMS
201 International Circle, Suite 230
Hunt Valley, MD 21030
Tel: (443) 290-8704
Fax: (410) 510-1789
Email: jssimms@simmsshowers.com

Dated: September 22, 2021
New York, New York

_____
MICHAEL I. LEVINE, M.D.
Relator

ACTIVE.133401686.05

**ENDOVASCULAR**

Dated: _10/1_, 2021
Philadelphia, PA

FAEGRE DRINKER BIDDLE & REATH LLP
Counsel for Endovascular Health Services, LLC

By: _____

JOSEPH N. ARGENTINA, JR.
One Logan Square, Ste. 2000
Philadelphia, PA 19103-6996
Tel: (215) 988-2700
Fax: (215) 988-2757
Email: Joseph.Argentina@faegredrinker.com

Dated: _09/30_, 2021
Chadds Ford, PA

ENDOVASCULAR HEALTH SERVICES, LLC

By: _____

NAME: William Whitfield Gardner
Title: Managing Member

12

**DEFENDANTS**

Dated:  Sept. 27  , 2021            VASCULAR ACCESS CENTERS, L.P.
City, State

By:  _____
     STEPHEN V. FALANGA
     Chapter 11 Trustee
     Wash Pizzi O'Reilly Falanga LLP
     100 Mulberry Street
     15th Floor
     Newark, NJ 07102
     (973) 757-1100
     sfalanga@walsh.law

Dated:  Sept. 27  , 2021            VASCULAR ACCESS CENTER OF
City, State                         ATLANTIC COUNTY, LLC

By:  _____
     STEPHEN V. FALANGA
     Chapter 11 Trustee of Vascular Access
     Centers, L.P.
     Wash Pizzi O'Reilly Falanga LLP
     100 Mulberry Street
     15th Floor
     Newark, NJ 07102
     (973) 757-1100
     sfalanga@walsh.law

Dated:  Sept. 27  , 2021            VASCULAR ACCESS CENTER OF PRINCE
City, State                         GEORGE'S COUNTY, LLC

By:  _____
     STEPHEN V. FALANGA
     Chapter 11 Trustee of Vascular Access
     Centers, L.P.
     Wash Pizzi O'Reilly Falanga LLP
     100 Mulberry Street
     15th Floor
     Newark, NJ 07102
     (973) 757-1100
     sfalanga@walsh.law

ACTIVE.133401686.05

Dated: 10/1 , 2021
Philadelphia, PA

FAEGRE DRINKER BIDDLE & REATH LLP
Counsel for the Vascular Access Center of
Bolivar County LLC, Vascular Access Center of
New Orleans LLC, Vascular Access Center of
North Shore Louisiana LLC, Vascular Access
Center of Southern Maryland LLC

By:

JOSEPH N. ARGENTINA, JR.
One Logan Square, Ste. 2000
Philadelphia, PA 19103-6996
Tel: (215) 988-2700
Fax: (215) 988-2757
Email: Joseph.Argentina@faegredrinker.com

Dated: 9/27/21 , 2021
Cleveland, MS

VASCULAR ACCESS CENTER OF BOLIVAR
COUNTY LLC

By:

NAME: Rae Crews
Title: Director of Operations

Dated: 9/27/21 , 2021
Cleveland, MS

VASCULAR ACCESS CENTER OF NEW
ORLEANS LLC

By:

NAME: Rae Crews
Title: Director of Operations

Dated: 9/27/21 , 2021
Cleveland, MS

VASCULAR ACCESS CENTER OF NORTH
SHORE LOUISIANA LLC

By:

NAME: Rae Crews
Title: Director of Operations

Dated: 9/27/21 , 2021
Cleveland, MS

VASCULAR ACCESS CENTER OF
SOUTHERN MARYLAND LLC

By:

NAME: Rae Crews
Title: Director of Operations

ACTIVE.134216198.01